FRANK BORNHEIM v. STATE.

No. A-3031.   Opinion Filed Aug. 30, 1919.

(183 Pac. 514.)

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Frank Bornheim was convicted of keeping a house of ill fame, and sentenced to pay a fine of $500, and he appeals. Judgment affirmed.

Andrews & Anderson, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Pittsburg county, wherein the defendant, Frank Bornheim, was convicted of keeping a house of ill fame, and sentenced to pay a fine of $500.

He was jointly informed against for the offense with one Mabel Reed, his married daughter, who was an inmate of the house at the time of the alleged commission of the offense. Upon a joint trial, Mabel Reed was acquitted, and properly so, because there was no evidence that she had any control whatever over the premises, being merely an inmate of the house and not the keeper thereof.

It is strenuously contended that the evidence is insufficient to sustain this conviction. The court cannot agree with this contention. The evidence is amply sufficient to sustain the conviction as to Frank Bornheim, as the proof is conclusive that a house of ill fame was in operation on his premises on the 16th day of December, 1916, as charged in the information; that he had been in possession and control of said premises for a number of years, had admitted men and women there at late hours of the night, and had assigned a room to a man and woman in his home at the late hour of 1 a. m.; that said house had for a long period of time the reputation of being a house of ill fame; that men were frequently seen to enter said house at late hours of the night; that women were roomers in said house; that the house was furnished with a dance hall and slot piano, and numerous bedrooms on either side of a long hall; that on the night of December 16th, two

women and about 12 men were found in said house at 11 o'clock at night dancing; that one of the women was seen to sit upon the lap of one of the men present, and embrace him; that when the officers entered said house, the women were dressed in kimonos, were scantily clad, and indulged in lewd conduct and used lascivious language; that two men were found in one of the beds in one of the bedrooms, and that the men attempted to make their escape when the raid was made; and other circumstances which tended conclusively to show that the premises had been conducted as a house of ill fame for some length of time and that the defendant had occupied said premises for numerous years and must have been acquainted with the carryings-on therein. The evidence was sufficient, as the defendant, Frank Bornheim, interposed no defense thereto.

Among other assignments of error is that the court erred in overruling a motion for a continuance based upon the absence of one Mabel Morris, who was alleged to be a material witness for the defendant, and whom the evidence discloses was one of the inmates of the house at the time of the raid on December 16, 1916. The application was properly denied, as there is absolutely no showing of diligence on the part of defendant in attempting to procure the attendance of this witness. The witness was shown to be an intimate friend of Mabel Reed, one of the defendants. The defendants were arrested on December 13, 1916, and on the 14th of March, 1917, the case was set for trial for April 3d following. The application for continuance was filed on April 2d. No effort had been made to obtain the attendance of the said witness Mabel Morris between the 14th of March and the 2d of April, and the application shows that the absent witness was living in Okfuskee county at the time said application was made, and her attendance could probably have been obtained within three or four days at the farthest. There was no request to continue the case for a short period of time, but the application was for a continuance for the entire term of court. The court did not abuse its discretion in refusing to continue this case for the term, in view of the lack of diligence shown by the defendant to discover the whereabouts of this witness, or to keep in touch with such witness between the 18th day of December, 1916 (the date of the arrest of defendant) and the 2d day of April, 1917 (the date the case was called for trial).

A certain instruction given and a certain instruction refused, both over the objection and exception of the defendant, are assigned as errors. We have carefully examined the instructions. The court gave three of the defendant's requested instructions, and refused the fourth. The requested instruction refused was to the effect that the jury could not convict if there was a reasonable doubt as to whether or not any one of the elements of the offense had been proven. The law covered by this instruction was substantially covered in the general charge of the court, and when the instructions are considered as a whole the law of the case is fully covered in a fair and impartial manner.

A reading of this record convinces the court that the conviction of this defendant is just and merited under the law and the evidence; that the alleged errors relied upon are more technical than substantial; that the defendant was accorded a fair and impartial trial; and, for the reasons stated, the judgment is affirmed.